Eastern District of Kentucky
FILED
AUG 21 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CHARLES W. DOUGLAS,  )
)
Plaintiff,  ) Civil No. 0:19-044-HRW
)
v.  )
)
GREENUP CO. DET. FACILITY, *et al.*,  ) **MEMORANDUM OPINION AND ORDER**
)
Defendants.  )

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro se* plaintiff Charles Douglas has filed a complaint under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. [R. 1.] Douglas has been granted pauper status in this proceeding [*see* R. 6], and his complaint is now before the Court on a preliminary screening. *See* 28 U.S.C. § 1915(e).

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any portion of Douglas's complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Because Douglas is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts Douglas's factual allegations as true and liberally construes Douglas's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Despite the leniency afforded to *pro se* plaintiffs, Douglas's complaint must be dismissed upon screening. The complaint alleges claims against five different defendants, but none states a valid claim upon which relief can be granted. To begin, Douglas claims that during an altercation with another inmate, he yelled and screamed for Lieutenant Richard Diamond and Deputy Tom Goble to come to his aid; however, "neither showed up for ten minutes or more." [R. 1 at 2.] The Sixth Circuit Court of Appeals has explained that "a prison official may be held to be deliberately indifferent to a substantial risk to inmate safety if he is aware that an inmate is vulnerable to assault and fails to protect him." *Bishop v. Hackel*, 636 F.3d 757, 767 (6th Cir. 2011). But Douglas has not alleged that Lieutenant Diamond and Deputy Goble knew he was at risk. Nor does he even allege that the two jail employees could hear his yells and screams but disregarded them. Without further indication that Lieutenant Diamond or Deputy Goble acted intentionally in some way to cause him harm, no § 1983 claim against the two employees is viable.

Next, Douglas states that as a result of arm injuries he sustained during the altercation and "inadequacies of the facility nurse Belinda Moore's medical treatment proficiencies, immediate medical attention was postponed and delayed," which, in turn, caused a worsening of his injuries. [R. 1 at 2.] Douglas further asserts that he waited over thirty days for "what should have been immediate surgery." [*Id.*] In order to state a cognizable Eighth Amendment claim for inadequate medical care,

2

"both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)" must be proven before relief may be granted. *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294 (1991)). Even if Douglas's arm injury rose to the level of an objectively serious medical need, Douglas has not alleged that Nurse Moore deliberately disregarded that serious medical need—i.e., that she "act[ed] with a sufficiently culpable state of mind." *Id.* Such an allegation is crucial to moving forward with an Eighth Amendment deliberate indifference claim. Without it, the facts contained in the complaint fail to state a claim that survives screening.

The complaint also alleges that Jailer Mike Worthington "failed to provide a safe environment and employ an adequate medical staff to provide adequate medical decisions to prevent permanent irreparable injury to [Douglas's] right arm." [R. 1 at 3.] However, liability under § 1983 does not arise from the mere failure to supervise or control employees. A supervisory official's failure to supervise, control, or train the offending employees is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (internal quotation marks omitted). In order to recover, the Sixth Circuit has made clear that a plaintiff must "[a]t a minimum . . . show that the official at least implicitly

3

authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* Douglas has made no such showing with respect to Jailer Worthington in this case. [*See* R. 1 at 3.]

Finally, Douglas names the Greenup County Detention Center as a defendant to his case, [R. 1 at 1], but a county jail or detention center is not a suable entity apart from the county that operates it. *See, e.g., Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002); *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Even construing Douglas's claim as one against Greenup County, he makes no allegation that the practices about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. [*See* R. 1]; *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Accordingly, none of the allegations in Douglas's complaint state a claim upon which relief may be granted. They are, therefore, properly dismissed on the Court's preliminary screening. 28 U.S.C. § 1915(e)(2). For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Douglas's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted;

2. This case is **CLOSED** and **STRICKEN** from the Court's active docket; and

4

3. Judgment shall be entered contemporaneously herewith.

This the 21st day of August, 2019.



**Signed By:**
*Henry R. Wilhoit, Jr.*
**United States District Judge**